UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

TIFFANY M.,[1]

                         Plaintiff,

      v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

                         Defendants.

6:23-cv-00338-JR

OPINION & ORDER

Russo, Magistrate Judge:

       Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning September 1, 2018, due to scoliosis, fibromyalgia, and carpal tunnel syndrome. Tr. 271. After a hearing held on October 13, 2021, an Administrative Law Judge (ALJ) determined plaintiff was not disabled in a decision issued on December 1, 2021. Tr. 71-109, 64. Plaintiff contends the

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

ALJ erred by: (1) failing to consider a medical opinion from Dr. Wayne Taubenfeld, Ph.D.; and (2) failing to consider a medical opinion from Dr. Randy Reese, M.D.

A.    Dr. Taubenfeld

Dr. Taubenfeld evaluated plaintiff on October 14, 2021, one day after the ALJ hearing.  Tr. 43.  Dr. Taubenfeld opined plaintiff's intellectual and adaptive functioning is in the extremely low range and that her intellectual functioning affects her globally.  Tr. 49.  Plaintiff submitted the Taubenfeld report to the Appeals Council on April 29, 2022, and after considering the report, the Council found the "evidence does not show a reasonable probability that it would change the outcome of the [ALJ's] decision."  Tr. 2.

When a claimant submits evidence for the first time to the Appeals Council, which it then considers in denying review of the ALJ's decision, that new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.  Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1159–60 (9th Cir. 2012).

The ALJ found:

> the undersigned has been persuaded by the conclusions of the State agency psychological consultants who reviewed the documentary evidence of record in this claim (2A; 4A). These opinions are consistent with the longitudinal evidence of record which shows that while she complained of some psychological symptoms, her mental status examinations were generally normal with alertness, orientation, a pleasant and cooperative demeanor, intact fund of knowledge, intact memory, attention, and concentration, with good insight and judgment, and a goal directed thought process with intact thought content (See e.g. 1F; 3F; 4F; 5F; 6F; 8F; 11F; 12F; 14F; 15F; 17F; 20F).

Tr. 61-62.

The ALJ assessed plaintiff with mild limitations in understanding, remembering, or applying information.  Tr. 56.  Plaintiff contends that Dr. Taubenfeld's opinion demonstrates

severe limitations and thus a remand is required for reconsideration. However, the ALJ did consider evidence of plaintiff's mental functioning which included assessments indicating: (1) "Recent and remote memory, attention and concentration, speech, language, and fund of knowledge are all within normal limits for the patient's level of education (Tr. 522); (2) "Memory for both short- and long-term events is intact, Judgement is intact, Orientation x 3 is intact, Insight is good and appropriate for situation at hand." (Tr. 755); Plaintiff's own assessment that she can concentrate fully with slight difficulty (Tr 497); and agency psychologist opinion that plaintiff only has mild limitations regarding the ability to understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, and adapt or manage herself (Tr. 130). Accordingly, the ALJ relied on substantial evidence to support his findings. See Richardson v. Perales, 402 U.S. 389, 401 (1971) (Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

Moreover, Dr. Taubenfeld did not specify any specific work-related limitations associated with his findings of extremely low range intellectual and adaptive functioning.[2] Thus, the findings cannot be said to upset the substantial evidence in the record relied upon by the ALJ regarding mental functioning limitations. See Laura Jo G. v. Berryhill, 2018 WL 3493071, at *6 (D. Or. July 20, 2018) (A physician's report should demonstrate how plaintiff's symptoms translate into specific functional deficits which preclude work activity). Dr. Taubenfeld opined that plaintiff's low IQ is congenital and thus present when she held her past relevant work which the ALJ determined she could still perform. Tr. 49, 62). The record, as whole and including Dr. Taubenfeld's October 14,

---

[2] Dr. Taubenfeld identified scores from components of adaptive behavioral assessment identifying skills for daily living and intelligence testing used to estimate a person's potential for academic success. Tr. 45-48. Some areas may translate to job functions such as communication and memory, but Dr. Taubenfeld did not explain limitations with respect to plaintiff's ability to engage in work activity. Indeed, Dr. Taubenfeld left blank the box labeled "Work (if applicable)" in the adaptive behavior assessment. Tr. 47. In addition, as noted above, the record provides substantial evidence that plaintiff's abilities in the areas of memory, concentration, and interacting with others that are only mild.

2021, opinion, provides substantial evidence to support the ALJ''s decision regarding plaintiff's mental functioning.[3]

B.    Dr. Reese

On February 18, 2022, and May 10, 2022, Dr. Reese completed two medical source statements.  Tr. 17, 42.  Again, these opinions were not before the ALJ but were submitted to the Appeals Council.

Dr. Reese opined plaintiff is limited to working one half-day every other day due to chronic pain. Tr. 17.  Dr. Reese also opined that plaintiff has suffered such limitation for two and a half years prior to May 10, 2022.  The Commissioner's contention that the opinion does not relate to the period in question is thus incorrect.  Nonetheless, such opinion is less persuasive since it was obtained only after the ALJ issued an adverse determination.  Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989).

The issue is whether, when considering the opinion, the ALJ's decision is supported by substantial evidence.  The ALJ relied on plaintiff's ability to:

> perform adequate self-care, care for her daughter, prepare simple meals, drive a car, use a computer, handle her finances, engage in hobbies, do household chores, and go out to the store (4E). The record also indicated that the claimant was able to exercise 3-4 days per week as well as go hiking and swimming (5F/22; 11F/2; 12F/3, 10; 14F/33, 40; 15F/5). These activities indicate a higher level of function than that alleged by the claimant.

Tr. 61.

---

[3] In addition, the ALJ identified jobs at step 5 of the sequential evaluation that plaintiff could perform that are unskilled occupations with an SVP of 2 -- four of which only require a reasoning level of 1 or 2.  Tr. 63 (identifying Assembler, Electrical Accessories I, DOT No. 729.687-010, 1991 WL 679733 (reasoning level of 2); Routing Clerk, DOT No. 222.687-022, 1991 WL 672133 (reasoning level of 2); Inspector and Hand Packager, DOT No. 559.687-074, 1991 WL 683797 (reasoning level of 2); Final Assembler, DOT No. 713.687-018, 1991 WL 679271 (reasoning level of 1).  Thus, the ALJ identified a significant number of simple and routine jobs in compliance with the Ninth Circuit's holding that reasoning level 2 is compatible with simple and routine tasks. Hernandez v. Berryhill, 707 F. App'x 456, 458 (9th Cir. 2017).  Absent specific limitations identified by Dr. Taubenfeld resulting from plaintiff's low I.Q., the record provides substantial evidence that plaintiff could perform simple routine jobs with reasoning levels of one or two.

In addition, the ALJ relied upon State agency medical consultants who opined:

> There have been multiple tests and imaging of the back with no significant findings other than mild scoliosis. Bilateral CT is moderate and reasonably controlled with wrist braces. FMS is noted to cause pain, but no functional limits. Ct has full strength, ROM, and normal gait and station. RFC prepared for medium due to moderate wrist limits and FMS pain.

Tr. 115.

The consultants provided an RFC assessment consistent with medium work.  Tr. 132-34. The ALJ found further limitations to reduce plaintiff's RFC to light work with additional restrictions.  Tr. 62.  While the opinions of Dr. Reese provide greater limitations and is itself substantial evidence of an inability to work, the ALJ relied upon substantial evidence in arriving at his RFC determination.  Accordingly, the ALJ's decision is affirmed.  See Jamerson v. Chater, 112 F.3d 1064, 1067 (9th Cir. 1997) (the key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled).

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed. The Clerk is directed to enter a judgment accordingly.

DATED this 12th day of February, 2024.

_____
/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge